UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-20998-CIV-JORDAN

| | |
|---|---|
| AURORA LOAN SERVICES, LLC | ) |
| Plaintiff | ) |
| vs. | ) |
| MICHEL O. WEISZ, P.A., et al. | ) |
| Defendants | ) |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

On *sua sponte* review, *see* Fed. R. Civ. P. 12(h)(3), the complaint filed by Aurora is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

Federal jurisdiction is premised on diversity. *See generally* 28 U.S.C. § 1332. Aurora, as the plaintiff, has the burden of establishing that diversity jurisdiction exists. *See, e.g., Kerney v. Fort Griffin Fandangle Ass'n, Inc.,* 624 F.2d 717, 719 (5th Cir. 1980). The problem here is that Aurora is a "limited liability company." *See* Compl. at ¶ 2. Such an entity is not treated like a corporation for purposes of the diversity statute. Instead, a limited liability company is treated as an unincorporated entity. Therefore, the limited liability company is a citizen of each state in which each of its members are citizens. *See Rolling Greens M.H.P., L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Because the complaint contains no allegations whatsoever as to the citizenship of Aurora's members, it fails to establish that there is diversity jurisdiction.

The complaint is DISMISSED WITHOUT PREJUDICE. Aurora has until May 5, 2008, to file an amended complaint or this case will be closed.

DONE and ORDERED in chambers in Miami, Florida, this 21st day of April, 2008.

_____
Adalberto Jordan
United States District Judge

Copy to: All counsel of record